The only question made was upon the construction of a clause in the will of the testator of the defendant, which was as follows: "I give and bequeath to my beloved son William one dollar; to my son James' heirs one dollar; to my son Samuel one dollar; to my son John one dollar; to my son Thomas one dollar; to my son Philip one dollar; to my daughter Nancy Waller three negroes — Tony, Gillis and Horace, and eighty acres of land, it being my part of Aaron Oakley's hundred acres in or under the will of Joseph Oakley, deceased, father of the said Aaron, if she plentifully support her mother, Ferebee, my beloved wife, which I leave in and under her care, in good diet, lodging and apparel during her natural life or widowhood, and then the property, at the death of my beloved wife and the said Nancy Waller, or intermarriage, to be equally divided between thechildren of the said Nancy Waller and my sons, William and John."
The division must be per capita. Each of the children of Nancy take a share equal to the shares of John and William, the sons of the testator. This is the general rule, which has been acted upon by the courts, and in our case there is nothing special to take it out of the general rule.
There will be a decree according to this opinion; costs to be paid out of the fund.
PER CURIAM. Decree accordingly.
Cited: Thomas v. Lines, 83 N.C. 199; Howell v. Tyler, 91 N.C. 212;Culp v. Lee, 109 N.C. 677.
(355)